**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLEN JONES WARD, | No. 19-35588 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00487-DCN |
| v. | |
| BONNEVILLE COUNTY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Idaho state prisoner Glen Jones Ward appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations

arising from his pretrial detention.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (dismissal under 28 U.S.C. § 1915A) (order). We affirm.

The district court properly dismissed Ward's action because Ward failed to allege facts sufficient to state a plausible claim for relief. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires personal participation by the defendant in the alleged rights deprivation); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

The district court did not abuse its discretion in denying Ward's motion for appointment of counsel because Ward was able to articulate his claims and was unlikely to succeed on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and discussing factors to consider in ruling on a motion to appoint counsel).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ward's motion for summary judgment (Docket Entry No. 13), which we

19-35588

construe as a motion for an extension of time to file his opening brief, is denied as moot.

**AFFIRMED.**